Stanley D. Saltzman (SBN 90058)
  ssaltzman@marlinsaltzman.com
Stephen P. O'Dell (SBN 132279)
  sodell@marlinsaltzman.com
MARLIN & SALTZMAN
29800 Agoura Road, Suite 210
Agoura Hills, California 91301
Telephone (818) 991-8080
Facsimile (818) 991-8081

Shaun Setareh (SBN 204514)
  shaun@setarehlaw.com
H. Scott Leviant (SBN 200834)
  scott@setarehlaw.com
SETAREH LAW GROUP
9454 Wilshire Boulevard, Suite 907
Beverly Hills, California 90212
Telephone (310) 888-7771
Facsimile (310) 888-0109

Attorneys for Plaintiff,
YOLANDA CHAMPION

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| YOLANDA CHAMPION, on behalf of herself, all others similarly situated,<br><br>*Plaintiff*,<br><br>vs.<br><br>AMAZON.COM LLC., a Delaware limited liability company; NEA DELIVERY, LLC d/b/a FAST DELIVERY SERVICES, a California limited liability company; and DOES 1 through 50, inclusive,<br><br>*Defendants*. | Case No.<br><br>**CLASS ACTION**<br><br>**COMPLAINT FOR:**<br><br>1. Failure to Provide Meal Periods (Lab. Code §§ 204, 223, 226.7, 512, and 1198);<br>2. Failure to Provide Rest Periods (Lab. Code §§ 204, 223, 226.7, and 1198);<br>3. Failure to Pay Hourly Wages (Lab. Code §§ 223, 510, 1194, 1194.2, 1197, 1997.1, and 1198);<br>4. Failure to Provide Accurate Written Wage Statements (Lab. Code § 226(a));<br>5. Failure to Timely Pay All Final Wages (Lab. Code §§ 201-203);<br>6. Unfair Competition (Bus. & Prof. Code §§ 17200, *et seq.*);<br>7. Failure to Pay Employees for All Hours Worked (29 U.S.C. § 201, *et seq.*).<br><br>**JURY TRIAL DEMANDED** |

Plaintiff YOLANDA CHAMPION (hereafter "Plaintiff"), on behalf of herself, all others similarly situated, complains and alleges as follows:

## INTRODUCTION

1.  Plaintiff brings this class action against defendant AMAZON.COM LLC, a Delaware limited liability company ("AMAZON"); NEA DELIVERY, LLC. d/b/a FAST DELIVERY SYSTEMS, a California limited liability company ("NEA DELIVERY"); and DOES 1 through 50, inclusive (hereafter "Defendants") for alleged violations of the Labor and Business and Professions Codes.  As set forth below, Plaintiff alleges that Defendants have misclassified him and similarly situtated individuals as independent contractors, failed to provide them with meal periods, failed to provide them with rest periods, failed to pay them for all hours worked, failed to pay premium wages for unprovided meal and/or rest periods, failed to pay overtime wages, failed to provide them with accurate written wage statements, and failed to timely pay them all of their final wages following separation of employment.  Based on these alleged Labor Code violations, Plaintiff now brings this class action to recover unpaid wages, restitution, and related relief on behalf of herself, all others similarly situated.

## JURISDICTION AND VENUE

2.  This Court has subject matter jurisdiction over the claims of Plaintiff and the putative class pursuant to 28 U.S.C. section 1331 because these claims seek redress for violation of Plaintiff's and the putative class' federal statutory rights under the Fair Labor Standards Act (28 U.S.C. §§ 201, *et seq.*).

3.  This Court has supplemental jurisdiction over Plaintiff's and the putative class' state law claims pursuant to 28 U.S.C. section 1367(a) because these claims are so closely related to Plaintiff's and the putative class' federal law wage and hour claims that they form parts of the same case or controversy under Article III of the United States Constitution.

4.  Venue is proper in the Northern District of California pursuant to 28 U.S.C. section 1391(b) and (c) as a substantial part of the events or omissions giving rise to the claims occurred in this judicial district.

///

1

**PARTIES**

5.     Plaintiff YOLANDA CHAMPION is, and at all relevant times mentioned herein, an individual residing in the State of California.

6.     Defendant AMAZON.COM LLC is, and at all relevant times mentioned herein, a Delaware limited liability company doing business in the State of California.

7.     Defendant NEA DELIVERY, LLC d/b/a FAST DELIVERY SYSTEMS is, and at all relevant times mentioned herein, a California corporation doing business in the State of California.

8.     Plaintiff is ignorant of the true names, capacities, relationships, and extent of participation in the conduct alleged herein, of the defendants sued as DOES 1 through 50, inclusive, but is informed and believes that said defendants are legally responsible for the conduct alleged herein and therefore sues these defendants by such fictitious names.  Plaintiff will amend this complaint to allege both the true names and capacities of the DOE defendants when ascertained.

9.     Plaintiff is informed and believes that each defendant acted in all respects pertinent to this action as the agent of the other defendants, carried out a joint scheme, business plan or policy in all respects pertinent hereto, and that the acts of each defendant are legally attributable to each of the other defendants.

**CLASS ALLEGATIONS**

10.     This action has been brought and may be maintained as a class action pursuant to Federal Rules of Civil Procedure Rule 23 because there is a well-defined community of interest among the persons who comprise the readily ascertainable classes defined below and because Plaintiff is unaware of any difficulties likely to be encountered in managing this case as a class action.

11.

12.     **Relevant Time Period**: The "**Relevant Time Period**" is defined as the time period beginning four years prior to the filing of this Complaint, until judgment is entered.

13.     The class and subclass members are defined as follows:

*Champion v. Amazon.com LLC, et al.*                                    Class Action Complaint

**Amazon Delivery Driver Class:** All persons hired directly by Amazon and/or any staffing agencies and/or any other third parties or were designated as independent contractors, who worked as "delivery drivers" and/or with similar job titles or duties in California during the **Relevant Time Period**.

> **NEA Delivery Sub-Class:** All **Amazon Delivery Driver Class** members who worked through NEA Delivery in California during the **Relevant Time Period**.

> **Amazon Meal Period Sub-Class:** All **Amazon Delivery Driver Class** and **NEA Delivery Sub-Class** members who worked a shift in excess of five hours during the **Relevant Time Period**.

> **Amazon Rest Period Sub-Class:** All **Amazon Delivery Driver Class** and **NEA Delivery Sub-Class** members who worked a shift of at least three and one-half (3.5) hours during the **Relevant Time Period**.

> **Amazon Wage Statement Penalties Sub-Class:** All **Amazon Delivery Driver Class** and **NEA Delivery Sub-Class** members employed by Defendants in California during the period beginning one year before the filing of this action and ending when final judgment is entered.

> **Amazon Waiting Time Penalties Sub-Class:** All **Amazon Delivery Driver Class** and **NEA Delivery Sub-Class** members who separated from their employment with Defendants during the period beginning three years before the filing of this action and ending when final judgment is entered.

**FLSA Class:** All **Amazon Delivery Driver Class** members who worked in the United States from September 27, 2013 through the present.

**UCL Class:** All **Amazon Delivery Driver Class** and **NEA Delivery Sub-Class** members employed by Defendants in California during the **Relevant Time Period**.

14. **Reservation of Rights:** Plaintiff reserves the right to amend or modify the class definitions with greater specificity, by further division into subclasses, and/or by limitation to particular issues.

15. **Numerosity:** The class members are so numerous that the individual joinder of each individual class member is impractical. While Plaintiff does not currently know the exact number of class members, Plaintiff is informed and believes that the actual number exceeds the minimum required for numerosity under federal law.

16. **Commonality and Predominance:** Common questions of law and fact exist as to all class members and predominate over any questions which affect only individual class members. These questions include, but are not limited to:

    A.    Whether Defendants misclassified their delivery drivers;

3

B.    Whether Defendants maintained a policy or practice of failing to provide employees with their meal breaks;

C.    Whether Defendants maintained a policy or practice of failing to provide employees with their rest breaks;

D.    Whether Defendants failed to pay additional wages to class members when they have not been provided with required meal and/or rest periods;

E.    Whether Defendants failed to pay minimum and/or overtime wages to class members as a result of policies that fail to provide meal breaks in accordance with California law;

F.    Whether Defendants failed to provide class members with accurate written wage statements as a result of providing them with written wage statements with inaccurate entries for, among other things, amounts of gross and net wages, and time worked;

G.    Whether Defendants applied policies or practices that result in late and/or incomplete final wage payments;

H.    Whether Defendants are liable to class members for waiting time penalties under Labor Code § 203;

I.    Whether class members are entitled to restitution of money or property that Defendants may have acquired from them through unfair competition;

J.    Whether Defendants failed to pay class members for all time worked.

17.    **Typicality:** Plaintiff's claims are typical of the other class members' claims. Plaintiff is informed and believes and thereon alleges that Defendants have a policy or practice of failing to comply with federal laws, the Labor Code and the Business and Professions Code as alleged herein.

18.    **Adequacy of Class Representative:** Plaintiff is an adequate class representative in that he has no interests that are adverse to, or otherwise conflict with, the interests of absent class members and is dedicated to vigorously prosecuting this action on their behalf. Plaintiff will fairly and adequately represent and protect the interests of the other class members.

4

19.     **Adequacy of Class Counsel:** Plaintiff's counsel are adequate class counsel in that they have no known conflicts of interest with Plaintiff or absent class members, are experienced in wage and hour class action litigation, and are dedicated to vigorously prosecuting this action on behalf of Plaintiff and absent class members.

20.     **Superiority:** A class action is vastly superior to other available means for fair and efficient adjudication of the class members' claims and would be beneficial to the parties and the Court. Class action treatment will allow a number of similarly situated persons to simultaneously and efficiently prosecute their common claims in a single forum without the unnecessary duplication of effort and expense that numerous individual actions would entail. In addition, the monetary amounts due to many individual class members are likely to be relatively small and would thus make it difficult, if not impossible, for individual class members to both seek and obtain relief. Moreover, a class action will serve an important public interest by permitting class members to effectively pursue the recovery of moneys owed to them. Further, a class action will prevent the potential for inconsistent or contradictory judgments inherent in individual litigation.

## GENERAL ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

21.     Plaintiff was hired by and worked for Defendants as a delivery driver sometime in March 2017. Plaintiff's was terminated on or about August 26, 2017 as Defendants stopped scheduling her for work.

22.     As a delivery driver, Plaintiff's duties included but were not limited to driving, picking up packages, dropping off packages, and other related duties.

23.     During her employment with Defendants, Plaintiff was required to report to Defendants' facility at set times to perform her duties and use Defendants' tools, equipment and instrumentalties to perform her duties.

24.     Plaintiff made no investment in the equipment or materials used to peform her work for Defendants. Defendants provided Plaintiff with a delivery truck with the Amazon logo and a handheld device used to scan packages, make radio calls, and provide route guidance.

25.     Moreover, Plaintiff was required to wear a uniform which consisted of a polo shirt

and a baseball cap, both with the Amazon logo.

26.    During her employment with Defendants, Defendants maintained control over which packages and the amount of packages Plaintiff and the putative class were required to deliver on their shifts.  Plaintiff and the putative class had no control over which packages and the amount of packages they could accept or reject for delivery.

27.    Defendants paid Plaintiff and the putative class a flat day rate that did not take into account the actual number of hours worked.

28.    During her employment with Defendants, Plaintiff and the putative class were required to report to Amazon's facility at the end of beginning of each shift to pick up their daily maniefest and their delivery trucks.  Plaintiff and the putative class were also required to report to Amazon's facility at the end of each shift to drop off any undelivered packages and their delivery trucks.

29.    Despite Defendants' characterization to the contrary, at all relevant times, Plaintiff and the putative class have been employees of Defendants and as such have been entitled to the protections of the California Labor Code and applicable Wage Order.

30.    Defendants willfully misclassified Plaintiff and the putative class as independent contractors.  At all relevant times, they have engaged in a pattern and/or practice of doing so.

31.    Plaintiff, for example, worked many weeks, such as during her first month of employment with Defendants, when she worked in excess of eight hours a day and 40 hours during the week, but was not paid overtime.  When Plaintiff began working for Defendants sometime in March 2017, she worked from 7:15 a.m. through 9:00 p.m. from Monday through Friday and was not paid any overtime.  Plaintiff alleges on information and belief that the putative class members were treated the same way.

32.    Plaintiff alleges that as a result of Defendants' practice and policy of misclassifying employees as independent contractors, Plaintiff and putative class were:

        A.    Not provided with meal periods in violation of the California Labor Code;

        B.    Not provided with rest periods in violation of the Wage Order and California Labor Code;

C.   Not provided with hourly wages for all hours worked in violation of the California Labor Code;

D.   Not provided with overtime wages and double time wages for all overtime and double time hours worked in violation of the California Labor Code;

E.   Not provided with accurate wage statements in violation of the California Labor Code;

F.   Not provided with timely final wages in violation of the California Labor Code.

**Missed Meal Periods**

33.   During her first month of employment with Defendants, Plaintiff worked the Day Shift and reported to work at 7:15 a.m. and did not finish her shift until as late as 9:00 p.m.

34.   Plaintiff and the putative class members were not provided with meal periods of at least thirty (30) minutes for each five (5) hour work period due to (1) Defendants' policy of not scheduling each meal period as part of each work shift; (2) chronically understaffing each work shift with not enough workers; (3) imposing so much work on each employee such that it made it unlikely that an employee would be able to take their breaks if they wanted to finish their work on time; and (4) no formal written meal and rest period policy that encouraged employees to take their meal and rest periods.

35.   As a result of Defendants' policy, Plaintiff and the putative class were regularly not provided with uninterrupted meal periods of at least thirty (30) minutes for each five (5) hours worked due to complying with Defendants' productivity requirements that required Plaintiff and the putative class to work through their meal periods in order to complete their assignments on time.

36.   In addition, Plaintiff and the putative class regularly worked shifts in excess of ten hours without receiving a first or second meal period.  Defendants did not provide Plaintiff and the putative class with any written policies that advise employees of their right to take their first meal period before the end of the fifth hour of work, that they are entitled to a second meal period if they work a shift of over ten (10) hours, or that the second meal period must commence

7

before the end of the tenth hour of work, unless waived.

**Missed Rest Periods**

37.     Plaintiff and the putative class members were not provided with rest periods of at least ten (10) minutes for each four (4) hour work period, or major fraction thereof, due to (1) Defendants' policy of not scheduling each rest period as part of each work shift; (2) chronically understaffing each work shift with not enough workers; (3) imposing so much work on each employee such that it made it unlikely that an employee would be able to take their breaks if they wanted to finish their work on time; and (4) Defendants' failure to authorize rest breaks, insofar as Defendants had no formal written meal and rest period policy that encouraged class members to take their meal and rest periods.

38.     As a result of Defendants' policy, Plaintiff and the putative class were regularly not provided with uninterrupted rest periods of at least ten (10) minutes for each four (4) hours worked due to complying with Defendants' productivity requirements that required Plaintiff and the putative class to work through their rest periods in order to complete their assignments on time.

**Inaccurate Wage Statements**

39.     Plaintiff and the putative class were not provided with accurate wage statements as mandated by law pursuant to  Labor Code section 226.

40.     Defendants failed to comply with Labor Code section 226(a)(1) as "gross wages earned" were not accurately reflected in that:

        (a)     class members were not paid for all hours worked therefore gross wages earned were not accurately reflected;

        (b)     Overtime and double time wages were not paid for all overtime and double time hours worked therefore gross wages earned were not accurately reflected;

        (c)     Any applicable meal and rest break premiums were not paid therefore gross wages earned were not accurately reflected;

41.     Defendants failed to comply with Labor Code section 226(a)(2) as "total hours

worked by the employee" were not accurately reflected in that:

        (a)    class members were not paid for all hours worked therefore total hours worked were not accurately reflected;

        (b)    Overtime and double time wages were not paid for all overtime and double time hours worked therefore total hours worked were not accurately reflected;

42.    Defendants failed to comply with <u>Labor Code</u> section 226(a)(5) as "net wages earned" were not accurately reflected in that:

        (a)    class members were not paid for all hours worked therefore net wages earned were not accurately reflected;

        (b)    Overtime and double time wages were not paid for all overtime and double time hours worked therefore net wages were not accurately reflected;

        (c)    Any applicable meal and rest break premiums were paid therefore net wages were not accurately reflected;

43.    Defendants failed to comply with Labor Code section 226(a)(6) as the "inclusive dates of the period for which the employee is paid" was not accurately reflected.

44.    Defendants failed to comply with Labor Code section (a)(8) as the "name and address of the legal entity that secured the services of the employee" was not accurately reflected.

45.    Defendants failed to comply with <u>Labor Code</u> section 226(a)(9) as "all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee" were not accurately reflected in that:

        (a)    class members were not paid for all hours worked therefore the number of hours worked and corresponding rates of pay were not accurately reflected;

        (b)    Overtime and double time wages were not paid for all overtime and double time hours worked therefore the number of hours worked and

9

corresponding rates of pay were not accurately reflected.

(c)     Defendants failed to comply with Labor Code § 226.2, to separately compensate their piece rate workers for rest periods and to report those rest periods and wages therefor on the wage statement required by Section 226(a).

## FIRST CAUSE OF ACTION
### FAILURE TO PROVIDE MEAL PERIODS
### (Lab. Code §§ 204, 223, 226.7, 512, and 1198)
### (By Plaintiff and the Amazon Meal Period Sub-Class)

46.     Plaintiff incorporates the preceding paragraphs of the Complaint as if fully alleged herein.

47.     At all relevant times, Plaintiff and the **Amazon Meal Period Sub-Class** members have been non-exempt employees of Defendants entitled to the full meal period protections of both the Labor Code and the Wage Order.

48.     Labor Code § 512 and Section 11 of the applicable Wage Order impose an affirmative obligation on employers to provide non-exempt employees with uninterrupted, duty-free, meal periods of at least thirty minutes for each work period of five hours, and to provide them with two uninterrupted, duty-free, meal periods of at least thirty minutes for each work period of ten hours.

49.     Labor Code § 226.7 and Section 11 the Wage Order both prohibit employers from requiring employees to work during required meal periods and require employers to pay non-exempt employees an hour of premium wages on each workday that the employee is not provided with the required meal period.

50.     Compensation for missed meal periods constitutes wages within the meaning of the California Labor Code § 200.

51.     Labor Code § 1198 makes it unlawful to employ a person under conditions that violate the Wage Order.

52.     Section 11 of the Wage Order states: "Unless the employee is relieved of all duty

10

during a 30 minute meal period, the meal period shall be considered an 'on duty' meal period and counted as time worked. An 'on duty' meal period shall be permitted only when the nature of the work prevents an employee from being relieved of all duty and when by written agreement between the parties an on-the-job paid meal period is agreed to. The written agreement shall state that the employee may, in writing, revoke the agreement at any time." (8 Cal. Code Regs. § 11040(11).)

53.     At all relevant times, Plaintiff was not subject to a valid on-duty meal period agreement. Plaintiff is informed and believes that, at all relevant times, **Amazon Meal Period Sub-Class** members were not subject to valid on-duty meal period agreements with Defendants.

54.     Plaintiff worked shifts exceeding five hours throughout her employment with Defendants.  During that time, she was not provided with any compliant meal periods as she was constantly barraged with calls to her cellphone from the dispatcher who wanted to know where she was at all times and who constantly urged her to return to her route.  When Plaintiff did take a meal period, it was for less than thirty minutes as she feared that she would be terminated if she did not resume her route duties in the shortest time possible.  Based on her investigation, Plaintiff alleges on information and belief that Defendants treated the putative class members in a similar fashion.

55.     Defendants never provided Plaintiff or, to Plaintiff's knowledge, any of the putative class members, with a written meal period policy, nor was she ever advised of any informal (i.e., unwritten) meal break policy.

56.     Plaintiff alleges that, at relevant times during the applicable limitations period, Defendants maintained a policy or practice of not providing Plaintiff and members of the **Amazon Meal Period Sub-Class** with uninterrupted meal periods of at least thirty (30) minutes for each five (5) hour work period, as required by Labor Code § 512 and the Wage Order.

57.     At all relevant times, Defendants failed to pay Plaintiff and **Amazon Meal Period Sub-Class** members additional premium wages, and/or were not paid premium wages at the employees' regular rates of pay, when required meal periods were not provided.

58.     Pursuant to Labor Code §§ 204, 218.6, and 226.7, Plaintiff, on behalf of herself

11

and the **Amazon Meal Period Sub-Class** members, seeks to recover unpaid premium wages, interest thereon, and costs of suit.

59.     Pursuant to Labor Code § 1194, Code of Civil Procedure § 1021.5, the substantial benefit doctrine, and/or the common fund doctrine, Plaintiff, on behalf of herself and the **Amazon Meal Period Sub-Class** members, seeks to recover reasonable attorneys' fees.

<u>**SECOND CAUSE OF ACTION**</u>

**FAILURE TO PROVIDE REST PERIODS**

**(Lab. Code §§ 204, 223, 226.7, and 1198)**

**(By Plaintiff and the Amazon Rest Period Sub-Class)**

60.     Plaintiff incorporates the preceding paragraphs of the Complaint as if fully alleged herein.

61.     At all relevant times, Plaintiff and **Amazon Rest Period Sub-Class** members have been non-exempt employees of Defendants entitled to the full rest period protections of both the Labor Code and the Wage Order.

62.     Section 12 of the Wage Order imposes an affirmative obligation on employers to permit and authorize employees to take required rest periods at a rate of no less than ten minutes of net rest time for each four hour work period, or major portion thereof, that must be in the middle of each work period insofar as is practicable.  Rest periods are to be considered as "time worked," and shall not be deducted from employees' pay for hours worked.  Employees paid on a piece rate basis (e.g., a daily rate) must be separately compensated for rest break time.  (Labor Code § 226.2.)

63.     Labor Code § 226.7 and Section 12 the Wage Order both prohibit employers from requiring employees to work during required rest periods and require employers to pay non-exempt employees an hour of premium wages at the employees regular rate of pay, on each workday that the employee is not provided with the required rest period(s).

64.     Compensation for missed rest periods constitutes wages within the meaning of the California Labor Code § 200.

65.     Labor Code § 1198 makes it unlawful to employ a person under conditions that

violate the Wage Order.

66.     Plaintiff alleges that at relevant times during the applicable limitations period, Defendants maintained a policy or practice of not authorizing and/or providing members of the **Amazon Rest Period Sub-Class** members with net rest periods of a least ten (10) minutes for each four (4) hour work period, or major portion thereof, as required by the Wage Order.

67.     At all relevant times, Defendants failed to pay Plaintiff and other **Amazon Rest Period Sub-Class** members additional premium wages when required rest periods were not provided.

68.     Specifically, Defendants failed to authorize rest breaks by failing to provide Plaintiff and **Amazon Rest Period Sub-Class** members with written policies that advised them of their rights to take a rest break for each four hours worked, and/or major fraction thereof, and that rest breaks should be taken in the middle of each work period insofar as practicable.

69.     Plaintiff worked shifts exceeding four hours or major fraction thereof throughout her employment with Defendants.  During that time, she was unable to take a compliant rest period at any time.  Based on her investigation, Plaintiff alleges on information and belief that Defendants treated the putative class members in a similar fashion.

70.     Pursuant to Labor Code §§ 204, 218.6, and 226.7, Plaintiff, on behalf of herself, **Amazon Rest Period Sub-Class** members, seeks to recover unpaid premium wages, interest thereon, and costs of suit.

71.     Pursuant to Labor Code § 1194, Code of Civil Procedure § 1021.5, the substantial benefit doctrine, and/or the common fund doctrine, Plaintiff, on behalf of herself and **Amazon Rest Period Sub-Class** members, seeks to recover reasonable attorneys' fees.

## THIRD CAUSE OF ACTION

### FAILURE TO PAY HOURLY AND OVERTIME WAGES

### (Lab. Code §§ 223, 510, 1194, 1197, and 1198)

### (By Plaintiff and the Amazon Delivery Driver Class)

72.     Plaintiff incorporates the preceding paragraphs of the Complaint as if fully alleged herein.

13

73. At all relevant times, Plaintiff and **Amazon Delivery Driver Class** members are or have been non-exempt employees of Defendants entitled to the full protections of the Labor Code and the Wage Orders.

74. Section 2 of the Wage Order defines "hours worked" as "the time during which an employee is subject to the control of an employer, and includes all the time the employee is suffered or permitted to work, whether or not required to do so."

75. Section 4 of the Wage Order requires an employer to pay non-exempt employees at least the minimum wage set forth therein for all hours worked, which consist of all hours that an employer has actual or constructive knowledge that employees are working.

76. Labor Code § 1194 invalidates any agreement between an employer and an employee to work for less than the minimum or overtime wage required under the applicable Wage Orders.

77. Labor Code § 1194.2 entitles non-exempt employees to recover liquidated damages in amounts equal to the amounts of unpaid minimum wages and interest thereon in addition to the underlying unpaid minimum wages and interest thereon.

78. Labor Code § 1197 makes it unlawful for an employer to pay an employee less than the minimum wage required under the applicable Wage Orders for all hours worked during a payroll period.

79. Labor Code § 1197.1 provides that it is unlawful for any employer or any other person acting either individually or as an officer, agent, or employee of another person, to pay an employee, or cause an employee to be paid, less than the applicable minimum wage.

80. Labor Code § 1198 makes it unlawful for employers to employ employees under conditions that violate the Wage Order.

81. Labor Code § 204 requires employers to pay non-exempt employees their earned wages for the normal work period at least twice during each calendar month on days the employer designates in advance and to pay non-exempt employees their earned wages for labor performed in excess of the normal work period by no later than the next regular payday.

82. Labor Code § 223 makes it unlawful for employers to pay their employees lower

wages than required by contract or statute while purporting to pay them legal wages.

83.    Labor Code § 510 and Section 3 of the Wage Order require employers to pay non-exempt employees overtime wages of no less than one and one-half times their respective regular rates of pay for all hours worked in excess of eight hours in one workday, all hours worked in excess of forty hours in one workweek, and/or for the first eight hours worked on the seventh consecutive day of one workweek.

84.    Labor Code § 510 and Section 3 of the Wage Order also require employers to pay non-exempt employees overtime wages of no less than two times their respective regular rates of pay for all hours worked in excess of twelve hours in one workday and for all hours worked in excess of eight hours on a seventh consecutive workday during a workweek.

85.    Plaintiff is informed and believes that, at all relevant times, Defendants have applied centrally devised policies and practices to her and **Amazon Delivery Driver Class** members with respect to working conditions and compensation arrangements.

86.    At all relevant times, Plaintiff and **Amazon Delivery Driver Class** members were paid a set sum of money for their wages, regardless of the actual number of hours worked.

87.    At all relevant times, Plaintiff and **Amazon Delivery Driver Class** members worked over 8 hours in a day, and/or 40 hours in a week, without receiving overtime compensation for any overtime hours worked.

88.    At all relevant times, Plaintiff and **Amazon Delivery Driver Class** members did not receive double time pay for any and all double time hours worked.

89.    Pursuant to Labor Code § 1194, Code of Civil Procedure § 1021.5, the substantial benefit doctrine, and/or the common fund doctrine, Plaintiff, on behalf of herself and **Amazon Delivery Driver Class** members, seeks to recover reasonable attorneys' fees.

### FOURTH CAUSE OF ACTION

### FAILURE TO PROVIDE ACCURATE WRITTEN WAGE STATEMENTS

### (Lab. Code § 226)

### (By Plaintiff and the Amazon Wage Statement Penalties Sub-Class)

90.    Plaintiff incorporates the preceding paragraphs of the Complaint as if fully

15

alleged herein.

91.   Labor Code § 226(a) states in pertinent part the following:

" (a) every employer shall, semimonthly or at the time of each payment of wages, furnish each of her or her employees, either as a detachable part of the check, draft, or voucher paying the employee's wages, or separately when wages are paid by personal check or cash, an accurate itemized statement in writing showing (1) gross wages earned, (2) total hours worked by the  employer, except for an employee whose compensation is solely based on a salary and who is exempt from payment of overtime under subdivision (a) of section 515 or any applicable order of the Industrial Welfare Commission, (3) the number of piece-rate units earned and any applicable piece rate if the employee is aid on a piece-rate basis, (4) all deductions, provided that all deductions made on written orders of the employee may be aggregated and shown as one time, (5) net wages earned, (6) the inclusive dates of the period for which the employee is paid, (7) the name of the employee and only the last four digits of her or her social security number or an employee identification number other than a social security number, (8) the name and address of the legal entity that is the employer and, if the employer."

92.   Labor Code § 226.2 provides that employees compensated on a piece rate basis must be separately compensated for rest breaks and the wage statement  required by Section 226(a) shall separetly state the total hours of compensable rest and recovery periods, the rate of compensation, and the gross wages paid for those periods during the pay period.

93.   Plaintiff is informed and believes that, at all relevant times, Defendants have failed to provide **Amazon Wage Statement Penalties Sub-Class** members with written wage statements as described supra in this complaint.

94.   Plaintiff is informed and believes that Defendants' failures to provide her and **Amazon Wage Statement Penalties Sub-Class** members with accurate written wage statements have been intentional in that Defendants have the ability to provide them with accurate wage statements but have intentionally provided them with written wage statements that Defendants have known to not comply with Labor Code 226(a).

95.   Plaintiff and **Amazon Wage Statement Penalties Sub-Class** members have suffered injuries, in that Defendants have violated their legal rights to receive accurate wage statements and have misled them about their actual rates of pay and wages earned. In addition, inaccurate information on their wage statements has prevented immediate challenges to Defendants' unlawful pay practices, has required discovery and mathematical computations to determine the amount of wages owed, has caused difficulty and expense in attempting to

16

reconstruct time and pay records, and/or has led to the submission of inaccurate information about wages and deductions to state and federal government agencies.

96.     Pursuant to Labor Code § 226(e), Plaintiff, on behalf of herself and **Amazon Wage Statement Penalties Sub-Class** members, seeks the greater of actual damages or $50.00 for the initial pay period in which a violation of Labor Code § 226(a) occurred, and $100.00 for each subsequent pay period in which a violation of Labor Code § 226(a) occurred, not to exceed an aggregate penalty of $4000.00 per class member, as well as awards of reasonable costs and attorneys' fees.

## FIFTH CAUSE OF ACTION

### FAILURE TO TIMELY PAY ALL FINAL WAGES

### (Lab. Code §§ 201-203)

### (Plaintiff and the Amazon Waiting Time Penalties Sub-Class)

97.     Plaintiff incorporates the preceding paragraphs of the Complaint as if fully alleged herein.

98.     At all relevant times, Plaintiff and the **Amazon Waiting Time Penalties Sub-class** members have been entitled, upon the end of their employment with Defendants, to timely payment of all wages earned and unpaid before termination or resignation.

99.     At all relevant times, pursuant to Labor Code § 201, employees who have been discharged have been entitled to payment of all final wages immediately upon termination.

100.     At all relevant times, pursuant to Labor Code § 202, employees who have resigned after giving at least seventy-two (72) hours-notice of resignation have been entitled to payment of all final wages at the time of resignation.

101.     At all relevant times, pursuant to Labor Code § 202, employees who have resigned after giving less than seventy-two (72) hours-notice of resignation have been entitled to payment of all final wages within seventy-two (72) hours of giving notice of resignation.

102.     During the applicable limitations period, Defendants failed to pay Plaintiff all of her final wages in accordance with Labor Code § 201 by failing to timely pay her all of her final wages.

17

103.     Plaintiff was terminated from her employment with Defendants on August 26, 2017 as Defendants stopped scheduling her for work.  To date, Plaintiff has not been provided with all of her earned wages, including hourly wages, overtime wages, and premium wages.

104.     Plaintiff is informed and believes that, at all relevant times, Defendants have failed to timely pay **Amazon Waiting Time Penalties Sub-class** members all of their final wages in accordance with Labor Code §§ 201 or 202.

105.     Plaintiff is informed and believes that, at all relevant times, Defendants have maintained a policy or practice of paying **Amazon Waiting Time Penalties Sub-class** members their final wages without regard to the requirements of Labor Code §§ 201 and 202 by failing to timely pay them all final wages.

106.     Plaintiff is informed and believes that Defendants' failures to timely pay all final wages to him and **Amazon Waiting Time Penalties Sub-class** members have been willful in that Defendants have the ability to pay final wages in accordance with Labor Code §§ 201 and 202 but have intentionally adopted policies or practice that are incompatible with those requirements.

107.     Pursuant to Labor Code §§ 203 and 218.6, Plaintiff, on behalf of herself and **Amazon Waiting Time Penalties Sub-class** members, seeks waiting time penalties from the dates that their final wages have first become due until paid, up to a maximum of 30 days, and interest thereon.

108.     Pursuant to Code of Civil Procedure § 1021.5, the substantial benefit doctrine, and/or the common fund doctrine, Plaintiff, on behalf of herself and **Amazon Waiting Time Penalties Sub-class** members, seeks awards of reasonable costs and attorneys' fees.

## SIXTH CAUSE OF ACTION

### UNFAIR COMPETITION

### (Bus. & Prof. Code §§ 17200, *et seq.*)

### (By Plaintiff and UCL Class)

109.     Plaintiff incorporates the preceding paragraphs of the Complaint as if fully alleged herein.

18

110.     Business and Professions Code § 17200 defines "unfair competition" to include any unlawful business practice.

111.     Business and Professions Code §§ 17203–17204 allow a person who has lost money or property as a result of unfair competition to bring a class action in accordance with Code of Civil Procedure § 382 to recover money or property that may have been acquired from similarly situated persons by means of unfair competition.

112.     California law requires employers to pay hourly, non-exempt, employees for all hours they are permitted or suffered to work, including hours that the employer knows or reasonably should know that employees have worked.

113.     Plaintiff and the **UCL Class** realleges and incorporates by reference the FIRST, SECOND, THIRD and SEVENTH causes of action herein.

114.     Plaintiff lost money or property as a result of the aforementioned unfair competition.

115.     Defendants have, or may have, acquired money by means of unfair competition.

116.     Plaintiff is informed and believes and theron alleges that, by committing the Labor Code violations described in this complaint, Defendants violated Labor Code §§ 215, 216, 225, 226.6, 354, 408, 553, 1175, and/or 1199, which make it a misdemeanor to commit the Labor Code violations mentioned herein.

117.     Defendants have committed unlawful and even criminal conduct through their policies and practices of, *inter alia*, failing to comport with their affirmative obligation on employers to provide non-exempt employees with uninterrupted, duty-free, meal periods of at least thirty minutes for each work period of five or more hours and by failing to pay non-exempt employee for all hours worked and by failing to reimburse them for all expenses.

118.     At all relevant times, Plaintiff and **UCL Class** members have been non-exempt employees of Defendants and entitled to the full protections of both the Labor Code and the Wage Order.

119.     As stated above, Defendants have violated the Labor Code in multiple respects with regard to Plaintiff and **UCL Class** members, including but not limited to failing to pay them

wages, failing to reimburse them for expenses, failing to pay them premium wages, and failing to provide them with accurate wage statements, and failing to pay them all wages due upon separation of employment.

120.     Defendants have, or may have, acquired money or property from **UCL Class** members by means of unfair competition in that Plaintiff is informed and believes and thereon alleges that Defendants have failed to pay Plaintiff and **UCL Class** members wages and premium wages in for missed meal and/or rest periods.

121.     The unlawful conduct of Defendants alleged herein amounts to and constitutes unfair competition within the meaning of Business & Professions Code §§ 17200, *et seq.* Business & Professions Code §§ 17200, *et seq.*, protects against unfair competition and allows a person who has suffered an injury-in-fact and has lost money or property as a result of an unfair, unlawful, or fraudulent business practice to seek restitution on her own behalf and on behalf of other similarly situated persons in a class action proceeding.

122.     As a result of Defendants' violations of the Labor Code during the applicable limitations period as alleged herein, Plaintiff has suffered an injury-in-fact and has lost money or property in the form of earned wages. Specifically, Plaintiff has lost money or property as a result of the aforementioned conduct.

123.     Plaintiff is informed and believes that other similarly situated persons have been subject to the same unlawful policies or practices of Defendants.

124.     Due to its unfair and unlawful business practices in violation of the Labor Code as alleged herein, Defendants have gained a competitive advantage over other comparable companies doing business in the State of California that comply with their legal obligations under the Labor Code.

125.     Pursuant to Business & Professions Code § 17203, Plaintiff, on behalf of herself and the other members of the **UCL Class**, seeks declaratory relief and restitution of all monies rightfully belonging to them that Defendants did not pay them or otherwise retained by means of its unlawful and unfair business practices.

126.     Pursuant to Code of Civil Procedure § 1021.5, the substantial benefit doctrine

and/or the common fund doctrine, Plaintiff and the other members of the **UCL Class** are entitled to recover reasonable attorneys' fees in connection with their unfair competition claims.

<p align="center">SEVENTH CAUSE OF ACTION</p>

<p align="center"><strong>FAILURE TO PAY EMPLOYEES FOR ALL HOURS WORKED</strong></p>

<p align="center"><strong>IN VIOLATION OF THE FEDERAL FAIR LABOR STANDARDS ACT</strong></p>

<p align="center"><strong>(29 U.S.C. § 201, <em>et seq.</em>)</strong></p>

<p align="center"><strong>(By Plaintiff and FLSA Class)</strong></p>

127.    Plaintiff incorporates the preceding paragraphs of the Complaint as if fully alleged herein.

128.    At all material times herein, Plaintiff and all similarly situated **FLSA Class** members who submit Consents to Become Party Plaintiffs are or were employed by and engaged in providing services necessary to driving and delivering packages by Defendants, and have been entitled to the rights, protections, and benefits provided under the FLSA, 29 U.S.C. §§ 201 *et seq.*

129.    The FLSA requires, among other things, that employers pay employees the minimum wage for all time worked plus overtime. 29 U.S.C. §§ 206, 207, 215.

130.    At all material times, the time spent driving and delivering packages is necessarily and directly related to the principal activities of the employee's duties, and thus constitutes compensable time under the FLSA and is subject to the FLSA's overtime requirements. 29 C.F.R. § 785.38.

131.    At all material times herein, Defendants have violated the FLSA by failing to pay employees for all hours worked.

132.    At all material times herein, Defendants have violated the FLSA by failing to pay **FLSA Class** at one-and-one-half (1.5) times the regular rate of pay when employees total hours worked to exceed forty (40) hours in a week.

133.    Defendants have also violated the FLSA by failing to keep required, accurate records of all hours worked by their **FLSA Class**. 29 U.S.C. § 2ll(c).

134.    Plaintiff and all similarly situated employees are victims of a uniform and entity-

<p align="center">21</p>

wide compensation policy. This uniform policy, in violation of the FLSA, has been applied to all employees employed by Defendants.

135.    Plaintiff and all similarly situated individuals are entitled to damages equal to the mandated pay and overtime premium pay within the three (3) years preceding the filing of this Complaint, plus periods of equitable tolling, because Defendants acted willfully and knew or showed reckless disregard of whether their conduct was prohibited by the FLSA.

136.    Defendants have acted neither in good faith nor with reasonable grounds to believe that their actions and omissions were not a violation of the FLSA. Plaintiff and other similarly situated individuals are entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid compensation, including overtime pay, and/or prejudgment interest at the applicable rate. 29 U.S.C. § 216(b).

137.    As a result of violations of the FLSA's minimum wage and overtime pay provisions, Defendants have unlawfully withheld compensation from Plaintiff and all similarly situated individuals. Defendants are liable for unpaid compensation, together with an amount equal as liquidated damages, attorneys' fees and costs of this action. 29 U.S.C.§ 216(b).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on behalf of herself, all others similarly situated, prays for relief and judgment against Defendants as follows:

(1)    An order that the action be certified as a class action;

(2)    An order that Plaintiff be appointed class representative;

(3)    An order that counsel for Plaintiff be appointed class counsel;

(4)    Unpaid Wages;

(5)    Actual Damages;

(6)    Restitution;

(7)    Declaratory relief;

(8)    Pre-judgment interest;

(9)    Statutory penalties;

(10)    Civil penalties;

*Champion v. Amazon.com LLC, et al.*                                        Class Action Complaint

(11)   Costs of suit;

(12)   Reasonable attorneys' fees; and

(13)   Such other relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff, on behalf of herself, all others similarly situated, hereby demands a jury trial on all issues so triable.


DATED:  August 24, 2018                    SETAREH LAW GROUP



SHAUN SETAREH
Attorneys for Plaintiff,
YOLANDA CHAMPION

*Champion v. Amazon.com LLC, et al.*                    Class Action Complaint