MORGAN, LEWIS & BOCKIUS LLP
John S. Battenfeld, Bar No. 119513
john.battenfeld@morganlewis.com
Brian D. Fahy, Bar No. 266750
brian.fahy@morganlewis.com
300 South Grand Avenue
Twenty-Second Floor
Los Angeles, CA  90071-3132
Tel:     +1.213.612.2500
Fax:     +1.213.612.2501

MORGAN, LEWIS & BOCKIUS LLP
Andrea Fellion, Bar No. 262278
andrea.fellion@morganlewis.com
Amy A. McGeever, Bar No. 296758
amy.mcgeever@morganlewis.com
One Market, Spear Street Tower
San Francisco, CA 94105
Tel:     +1.415.442.1000
Fax:     +1.415.442.1001
Attorneys for Defendant
AMAZON LOGISTICS, INC. erroneously sued as
AMAZON.COM, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| YOLANDA CHAMPION, on behalf of herself, all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>AMAZON.COM LLC., a Delaware limited liability company; NEA DELIVERY, LLC d/b/a FAST DELIVERY SERVICES, a California limited liability company; and DOES 1 through 50, inclusive,<br><br>Defendants. | Case No. 3:18-cv-05222-MMC<br><br>**DEFENDANT AMAZON LOGISTICS, INC.'S OPPOSITION TO NEA DELIVERY, LLC D/B/A FAST DELIVERY SERVICES' MOTION TO BE RELIEVED AS COUNSEL**<br><br>Hon. Maxine M. Chesney<br><br>Date:        July 19, 2019<br>Time:        9:00 a.m.<br>Courtroom:   7 |

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW

DB2/ 36768275.4

1    Amazon Logistics, Inc., erroneously sued as Amazon.com, LLC ("Amazon") respectfully

2 submits this opposition to PPRCLAW, APC's Motion to Be Relieved as Counsel for Defendant

3 NEA Delivery, LLC d/b/a Fast Delivery Services.

4    **I.      INTRODUCTION**

5    Plaintiff Yolanda Champion ("Champion") was employed by Defendant NEA Delivery,

6 LLC d/b/a Fast Delivery Services ("NEA").  Amazon, in turn, hired NEA to delivere packages to

7 Amazon customers, and Champion delivered Amazon packages via her work for NEA.  Although

8 Champion now alleges joint employment claims against both Amazon and NEA, Champion was

9 never employed by Amazon, and any claimed liability Amazon has in this matter stems directly

10 from NEA.

11    Although NEA's participation is critical to this case, its counsel, PPRCLAW, APC,

12 ("PPRCLAW") now moves to withdraw.  In support of this motion, PPRCLAW vaguely

13 references a breakdown in communication between it and NEA.  PPRCLAW does not, however,

14 specify the number of times its communication attempts went unanswered nor does it provide any

15 details about how or when NEA was warned that PPRCLAW would move to withdraw.  The

16 timing of this warning is significant because NEA – a limited liability company – is not permitted

17 to appear *in pro per* and must be represented by an attorney.  NEA has not indicated that it has

18 secured alternative counsel, and allowing PPRCLAW to withdraw would effectively suspend all

19 proceedings pending either NEA's retention of new counsel or possibly the taking of NEA's

20 default, unless the Court grants the pending motion to compel arbitration (in which case NEA's

21 representation will be addressed by an arbitrator).  Because NEA's inability to participate in this

22 litigation would prejudice all Parties – especially given that NEA has the records and other

23 information relevant to Plaintiff's employment – PPRCLAW withdrawal should be conditioned

24 on NEA securing alternative counsel.

25    **II.     RELEVANT FACTUAL AND PROCEDURAL SUMMARY**

26        **A.     All of Champion's Claims Stem from her Employment by NEA.**

27    NEA's delivery drivers made local deliveries for its customers.  Amazon operates an

28 online retail shopping service through which customers may purchase consumer products from

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW

DB2/ 36768275.4

1

NO. 3:18-CV-05222-MMC
AMAZON LOGISTICS INC.'S OPPOSITION TO
MOTION TO BE RELIEVED AS COUNSEL

Amazon or third-party sellers.  Amazon hired NEA to deliver customer packages, and Champion delivered packages to Amazon customers *via* her work for NEA.  Champion is not, and has never been, employed by Amazon.

On August 24, 2018, Champion filed this putative class and collective action in the Northern District of California alleging that NEA and Amazon (collectively "Defendants") improperly classified her, and allegedly similarly situated individuals, as independent contractors[1] and that "each defendant acted in all respects pertinent to this action as the agent of other defendants, carried out a joint scheme, business plan or policy ..."  (Dkt. 1, Compl. ¶¶ 1, 9.) Champion brings claims for alleged (1) failure to provide meal periods; (2) failure to provide rest periods; (3) failure to pay hourly wages; (4) failure to provide accurate wage statements; (5) waiting time penalties for failure to timely pay all final wages; (6) Unfair Competition Law ("UCL") violations; and (7) failure to pay all hours worked under the FLSA (29 U.S.C. § 201). *Id*.

### B. PPRCLAW Moved to Withdraw as Counsel Two Weeks Before Amazon's Motion to Compel Arbitration is to be Heard.

Champion promptly served her August 2018 Complaint and all Parties jointly stipulated to continue the time to respond.  (Dkt. 10.)  After further continuances, on April 9, 2019, the Parties submitted their Joint Case Management Conference Statement.  (Dkt. 30.)  On April 22, 2019, the Court issued an order moving the initial Case Management Conference to July 12, 2019.  (Dkt. 34.)  On April 25, 2019, NEA filed its Answer to Plaintiff's Complaint.  (Dkt. 37.)  On May 10, 2019, Amazon filed its Motion to Compel Arbitration which is currently set to be heard on June 21, 2019.  (Dkt. 40.)

On June 6, 2019 – approximately two weeks before Amazon's Motion to Compel Arbitration is set to be heard – NEA's counsel, PPRCLAW, filed a Motion to be Relieved as Counsel ("Motion").  (Dkt. 47.)  In that Motion, PPRCLAW argues that it has been retained by NEA since January 2019.  (Dkt. 47, 6:13-14.)  PPRCLAW indicates that John Fitzmorris and

---

[1] Plaintiff makes this claim despite documents before the Court that clearly show she was an employee of NEA.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW

DB2/ 36768275.4

2

NO. 3:18-CV-05222-MMC
AMAZON LOGISTICS INC.'S OPPOSITION TO
MOTION TO BE RELIEVED AS COUNSEL

1   unidentified office staff have "reached out several times via telephone call and email," that "NEA

2   has failed to provide case related information," and that counsel gave NEA written warning that

3   PPRCLAW would withdraw if NEA did not pay his fees.  (Dkt. 47, 6:15-16, 7:6-7.)  PPRCLAW

4   does not, however, indicate how many times it has attempted to communicate with NEA or what

5   specific information has not been provided.[2]  Critically, PPRCLAW does not state *when* it

6   informed NEA in writing that he would be moving to withdraw, and whether NEA has had

7   sufficient time to obtain alternate counsel.

8   **III.   <u>ARGUMENT</u>**

9        Local Civil Rule 11-5(a) provides that "[c]ounsel may not withdraw from an action until

10  relieved by order of Court after written notice has been given reasonably in advance to the client

11  and to all other parties who have appeared in the case."  When evaluating a motion to withdraw,

12  courts consider: (1) the reasons counsel seeks to withdraw; (2) the possible prejudice that

13  withdrawal may cause to other litigants; (3) the harm that withdrawal might cause to the

14  administration of justice; and (4) the extent to which withdrawal will delay resolution of the case.

15  *Deal v. Countrywide Home Loans*, 2010 WL 3702459, at *3-4 (N.D. Cal. Sep. 15, 2010).  The

16  decision to grant or deny a motion to withdraw is discretionary with the court, and the court can

17  use "its discretion to deny an attorney's request to withdraw where such withdrawal would work

18  an injustice or cause undue delay in the proceeding." *Andrews v. Jung*, 2013 WL 1694808, at *1

19  (N.D. Cal. Apr. 18, 2013)(internal citations omitted).

20       **A.     PPRCLAW Reasons for Withdrawal are At Present Insufficient.**

21       California Rule of Professional Conduct 3–700(C)(1)(d) allows withdrawal where the

22  client "renders it unreasonably difficult for [counsel] to carry out the employment effectively."

23  Here, PPRCLAW has provided no details as to what NEA has done to make it "unreasonably

24  difficult" to represent it.  PPRCLAW does not indicate how many times it, through attorneys or

25  staff, "reached out . . . by telephone calls and email."  PPRCLAW also does not specify whether

26  the purpose of their communications were to gather information necessary for the case or to

27  ────────────────

28  [2] Counsel has not provided this information *via* an *in camera* review, which would have allowed
    NEA to maintain all necessary privilege.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW

DB2/ 36768275.4

3

NO. 3:18-CV-05222-MMC
AMAZON LOGISTICS INC.'S OPPOSITION TO
MOTION TO BE RELIEVED AS COUNSEL

1 simply request that NEA pay its bill.  Because PPRCLAW has not provided sufficient details

2 showing that NEA has made it "unreasonably difficult" for counsel to continue representing it,

3 the Motion should be denied.

      **B.**    **PPRCLAW Should Not Be Permitted to Withdraw Until NEA Secures New**
4                **Counsel Because NEA Cannot Represent Itself.**

5       When evaluating a motion to withdraw, Courts consider the possible prejudice that

6 withdrawal may cause to other litigants as well as the harm that withdrawal might cause to the

7 administration of justice.  *Deal*, 2010 WL 3702459, at *3-4.

8       Rule 3-700(A)(2) of the California Rules of Professional Conduct notes that an attorney

9 "shall not withdraw from employment until the member has taken reasonable steps to avoid

10 reasonably foreseeable prejudice to the rights of the client, including giving due notice to the

11 client, allowing time for employment of other counsel."  Here, PPRCLAW "warned in writing

12 NEA a reasonable time before filing this motion [that it would withdraw] if the client did not pay

13 the fees."  (Dkt. 47, 7:6-10.)  PPRCLAW does not attach this warning nor does counsel indicate

14 the date when this purported warning was sent.  As such, it is impossible to determine whether

15 PPRCLAW provided "due notice" as the Rules of Professional Conduct require.

16       The timing of PPRCLAW's warning is particularly important because it is unclear

17 whether NEA was provided sufficient time to secure alternative counsel.  Pursuant to Local Civil

18 Rule 3-9(b) and federal common law, a corporation can only appear and litigate in federal court

19 through licensed counsel.  *Rowland v. California Men's Colony, Unit II Men's Advisory Council*,

20 506 U.S. 194, 201–02 (1993) ("It has been the law for the better part of two centuries ... that a

21 corporation may appear in the federal courts only through licensed counsel."); *D-Beam Ltd.*

22 *Partnership v. Roller Derby Skates, Inc.*, 366 F.3d 972, 973-74 (9th Cir. 2004); *Meco Constr.*

23 *Eng'rs, Inc. v. Mun. Ct.*, 21 Cal. 3d 724, 727, 729 (1978) (a corporation must be represented by

24 counsel); *Paradise v. Nowlin*, 86 Cal. App. 2d 897, 899-99 (1948) ("A corporation cannot appear

25 in court by an officer who is not an attorney and it cannot appear in propria persona."); *Sec. &*

26 *Exch. Comm'n v. SW Argyll Investments, LLC*, 2012 WL 12885225, at *1 (S.D. Cal. June 11,

27 2012) ([I]t is well established that a corporation, unincorporated association, partnership or other

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW

DB2/ 36768275.4

4

NO. 3:18-CV-05222-MMC
AMAZON LOGISTICS INC.'S OPPOSITION TO
MOTION TO BE RELIEVED AS COUNSEL

1    such entity may appear only through counsel.")

2         Because NEA cannot represent itself, allowing PPRCLAW to withdraw would effectively

3    suspend all proceedings pending either NEA's retention of new counsel or possibly the taking of

4    NEA's default. *Forever Foundations & Frame, LLC v. Optional Prod., LLC*, 2014 WL

5    12614427, at *1 (C.D. Cal. July 2, 2014) (staying discovery until new defense counsel was

6    retained); *Employee Painters' Trust v. Ethan Enterprises, Inc.*, 480 F.3d 993, 998 (9th Cir. 2007)

7    ("[W]e have recognized default as a permissible sanction for failure to comply with local rules

8    requiring representation by counsel.")  Amazon recently moved to compel arbitration, and –

9    because Plaintiff's claims derive from her employment with NEA – NEA's participation in this

10   matter, whether in court or arbitration, is necessary for Amazon to be able to properly defend this

11   claim.

12        To avoid prejudice or delay, California courts regularly deny motions to withdraw, or

13   grant them on the condition that new counsel be promptly retained.  *See, e.g., Zhizun Samuel Sun*

14   *v. Rickenbacker Collection*, 2011 WL 1344413, at *3 (N.D. Cal. April 8, 2011) (granting motion

15   to withdraw on the condition that moving party retain new counsel); *Brooke v. SB Hosp. Palm*

16   *Springs LLC*, 2017 WL 187132, at *2 (C.D. Cal. Jan. 17, 2017) (granting motion to withdraw and

17   ordering defendant to obtain new counsel within a month).  Similarly here, and to avoid prejudice

18   to the Parties and harm to the administration of justice, this Court should condition PPRCLAW's

19   withdrawal on NEA securing new counsel.

20   / / /

21   / / /

22   / / /

23   / / /

24   / / /

25   / / /

26   / / /

27   / / /

28   / / /

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW

DB2/ 36768275.4

5

NO. 3:18-CV-05222-MMC
AMAZON LOGISTICS INC.'S OPPOSITION TO
MOTION TO BE RELIEVED AS COUNSEL

**IV.      <u>CONCLUSION</u>**

As an LLC, NEA must be represented by an attorney in this litigation.  Allowing

PPRCLAW to withdraw prior to NEA securing alternative counsel would effectively suspend the

proceedings and prejudice all Parties.  To avoid prejudice and delay, the Court should condition

PPRCLAW's withdrawal on NEA securing alternative counsel.

Dated: June 20, 2019                                   MORGAN, LEWIS & BOCKIUS LLP


                                                By      /s/ Andrea Fellion
                                                       John S. Battenfeld
                                                       Brian D. Fahy
                                                       Andrea L. Fellion
                                                       Amy A. McGeever
                                                       Attorneys for Defendant AMAZON LOGISTICS,
                                                       INC. (incorrectly sued as AMAZON.COM, LLC)

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW

DB2/ 36768275.4

6

NO. 3:18-CV-05222-MMC
AMAZON LOGISTICS INC.'S OPPOSITION TO
MOTION TO BE RELIEVED AS COUNSEL

1

## CERTIFICATE OF SERVICE

2

I, Adele Doyle, declare:

3

I am a citizen of the United States and employed in San Francisco County, California. I am over the age of eighteen years and not a party to the within entitled action. My business address is One Market, Spear Street Tower, San Francisco, CA 94105-1596. On June 20, 2019, I served a copy of the within document(s):

4

5

6

**DEFENDANT AMAZON LOGISTICS, INC.'S OPPOSITION TO NEA DELIVERY, LLC D/B/A FAST DELIVERY SERVICES' MOTION TO BE RELIEVED AS COUNSEL**

7

8

by placing the document(s) in a sealed envelope with postage thereon fully prepaid, in the United States mail at San Francisco, California addressed as set forth below.

9

John Patrick Fitzmorris
Rebecca Jean Gardner
PPRCLaw, APC
790 E. Colorado Blvd., Suite 260
Pasadena, CA 91101

10

11

12

*Attorneys for Plaintiff NEA Delivery, LLC*
*d/b/a/ Fast Delivery Services*

13

14

I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

15

16

17

Executed on June 20, 2019, at San Francisco, California. I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

18

19

_____
Adele Doyle

20

21

22

23

24

25

26

27

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW

DB2/ 36768275.4

7

NO. 3:18-CV-05222-MMC
AMAZON LOGISTICS INC.'S OPPOSITION TO
MOTION TO BE RELIEVED AS COUNSEL