IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| YOLANDA CHAMPION,<br><br>    Plaintiff,<br><br>    v.<br><br>AMAZON.COM LLC, et al.,<br><br>    Defendants. | Case No. 18-cv-05222-MMC<br><br>**ORDER GRANTING PPRC LAW, APC'S MOTION TO BE RELIEVED AS COUNSEL; VACATING HEARING; DIRECTIONS TO CLERK; DIRECTIONS TO NEA DELIVERY, LLC** |

    Before the Court is PPRC Law, APC's ("PPRC Law") "Motion to Be Relieved as Counsel," filed June 6, 2019, whereby PPRC Law seeks leave to withdraw as counsel for defendant NEA Delivery, LLC ("NEA"). Defendant Amazon Logistics, Inc. ("Amazon") has filed opposition, to which PPRC Law has replied. No other responses have been filed. Having read and considered the papers filed in support of and in opposition to the motion, the Court deems the matter suitable for decision on the parties' respective written submissions, VACATES the hearing scheduled for July 19, 2019, and rules as follows.[1]

    The Court finds PPRC Law has shown good cause for the relief sought, specifically, NEA's failure to remain in contact with PPRC Law despite numerous attempts by PPRC Law to reach them.

    //

---

[1] PPRC Law's "Request for Telephonic Appearance at Hearing" is DENIED as moot. For future reference, PPRC Law is advised that the Court does not conduct contested hearings by telephone.

The arguments made by Amazon in its opposition do not warrant either a denial of the instant motion or an order allowing withdrawal conditioned on NEA's retaining new counsel. Although Amazon states NEA is in possession of employment records and other documents that may be relevant to plaintiff's claims and Amazon's defenses thereto, requiring PPRC Law to remain as counsel, given NEA's failure to communicate in any manner with PPRC Law, is unlikely to assist Amazon in obtaining any such materials. Moreover, to the extent Amazon may be unable to obtain, on a voluntary basis, documents from NEA or from any of its present or former agents,[2] Amazon's concerns can be addressed by its making use of the discovery procedures available under the California Arbitration Act. See, e.g., Cal. Code Civ. Proc. 1282.6 (providing for issuance of subpoenas duces tecum requiring production of records for use at arbitration hearing).[3]

Accordingly, PPRC Law's motion to be relieved as counsel for NEA is GRANTED, and the Clerk is hereby DIRECTED to amend the docket to include the following contact information for NEA:

> NEA Delivery, LLC
> 6005 Hidden Valley Road, Suite 280
> Carlsbad CA 92011

NEA is hereby advised that it may not appear in court without counsel. See Rowland v. California Men's Colony, 506 U.S. 194, 201-202 (1993) (holding "corporations" and "all artificial entities" may "appear in the federal courts only through licensed counsel"). Accordingly, NEA is hereby DIRECTED to cause new counsel to file, no later than August 16, 2019, a notice of appearance on behalf of NEA. If no such

---

[2] Amazon recently was able to obtain a declaration from an individual who, although not presently employed by NEA, states he has access to plaintiff's employment records at NEA and who provided Amazon with at least some documents from plaintiff's personnel file at NEA. (See Nyhan Decl., filed May 10, 2019, ¶¶ 2, 4; Exs. A, B.)

[3] By order filed June 21, 2019, the Court granted Amazon's motion to compel arbitration of plaintiff's claims alleged against Amazon. Under the subject arbitration agreement, plaintiff's claims against Amazon "shall be submitted to and determined . . . in conformity with the procedures of the California Arbitration Act (Cal. Code Cvi. [sic] Proc. sec. 1280 et seq., including section 1283.05 and all of the Act's other mandatory and permissive rights to discovery)." (See Nyhan Decl., filed May 10, 2019, Ex. A ¶ 1.A.)

appearance has been filed by said date, plaintiff may seek entry of default as to NEA.

**IT IS SO ORDERED.**

Dated: July 3, 2019

MAXINE M. CHESNEY
United States District Judge