IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| YOLANDA CHAMPION,<br><br>    Plaintiff,<br><br>    v.<br><br>AMAZON.COM LLC, et al.,<br><br>    Defendants. | Case No. 18-cv-05222-MMC<br><br>**ORDER GRANTING PLAINTIFF'S MOTION TO CERTIFY FOR INTERLOCUTORY APPEAL**<br><br>Re: Dkt. No. 64 |

Before the Court is plaintiff Yolanda Champion's ("Champion") "Motion to Amend June 21, 2019, Order to Certify the Same for Interlocutory Appeal Pursuant to 28 U.S.C. sec 1292(b)," filed July 19, 2019. Defendant Amazon Logistics, Inc. ("Amazon") has filed opposition, to which Champion has replied. Having read and considered the papers filed in support of and in opposition to the motion, the Court rules as follows.[1]

Champion was formerly employed by defendant NEA Delivery, LLC ("NEA"), and was assigned by NEA to work as a delivery driver for Amazon. Champion alleges she was jointly employed by both NEA and Amazon and that, during such employment, she was not provided with meal and rest periods or with proper wages.

On May 10, 2019, Amazon filed, under the Federal Arbitration Act ("FAA"), a motion to compel arbitration of Champion's claims, relying on a contract between NEA and Champion, titled "Binding Arbitration Agreement" (hereinafter, "Agreement") under which Champion agreed to arbitrate any claims "that may arise out of the employment context." (See Nyhan Decl., filed May 10, 2019, Ex. A.) On June 21, 2019, the Court

---

[1] By order filed August 19, 2019, the Court took the matter under submission.

held a hearing and, at the conclusion thereof, granted the motion and stayed the action, to the extent alleged against Amazon, pending completion of arbitration proceedings.[2] That same date, the Court issued a written order incorporating the Court's ruling.

In granting the motion, the Court found: (1) Champion had entered into the Agreement, (2) the Agreement was not unconscionable, (3) Amazon, although not a party to the Agreement, could rely thereon to compel arbitration, and (4) a statutory exemption from enforcement of the Agreement did not apply. By the instant motion, Champion requests the Court amend the June 21 order to certify, pursuant to 28 U.S.C. § 1292(b), that the fourth of the above-referenced findings is appropriate for interlocutory appeal.

Under § 1292(b), a district court may certify for interlocutory appeal an order where (1) "such order involves a controlling question of law," (2) "there is substantial ground for difference of opinion" as to such question of law, and (3) "an immediate appeal from the order may materially advance the ultimate termination of the litigation." See 28 U.S.C. § 1292(b). The Court discusses each such factor in turn.

Under § 2 of the FAA, a party may seek to enforce "[a] written provision in any . . . contract evidencing a transaction involving commerce to settle by arbitration a controversy." See 9 U.S.C. § 2. Pursuant to § 1, however, an exemption exists for "contracts of employment of seamen, railroad employees, or any other class of workers engaged in foreign or interstate commerce." See 9 U.S.C. § 1. The term "any other class of workers" has been interpreted to mean "transportation workers," see Circuit City Stores, Inc. v. Adams, 532 U.S. 105, 119 (2001). Courts have found "contracts of employment" of "transportation workers" are contracts of "workers in the transportation industry." See Hill v. Rent-A-Center, Inc., 398 F.3d 1286, 1290 (11th Cir. 2005) (citing cases).

Here, the Court found the exemption set forth in § 1 did not apply to the Agreement, which ruling involves a controlling question of law. See Kuehner v. Dickinson

---

[2]NEA did not join in the motion.

1  & Co., 84 F.3d 316, 319 (9th Cir. 1996) (holding order staying action pending completion
2  of arbitration proceedings "involve[s] a controlling question on law").

3  Next, in determining whether the exemption in § 1 applied, the Court found the
4  relevant contract is the Agreement between NEA and Champion, the only contract that
5  contains a "written provision" to arbitrate, see 9 U.S.C. § 2, and Champion has not
6  argued, let alone offered evidence to show, NEA is in the interstate transportation
7  industry. See Performance Team Freight Systems, Inc. v. Aleman, 241 Cal. App. 4th
8  1233, 1241 (2015) (holding "party opposing arbitration bears the burden of demonstrating
9  that the [§ 1] exemption applies"). The Court also found, without dispute by Champion,
10 said contract could be invoked by Amazon to compel arbitration, as Champion's claims
11 against NEA and Champion are "based on the same facts and are inherently inseparable
12 from the arbitrable claims against [the] signatory defendant[ ]." See Garcia v. Pexco,
13 LLC, 11 Cal. App. 5th 782, 787-788 (2017) (finding non-signatory customer of temporary
14 staffing agency entitled to compel arbitration, based on clause in contract between
15 plaintiff and staffing agency).

16 The Court further found that, even if, as Champion argues, the nature of Amazon's
17 business can be considered for purposes of § 1, despite the absence of an arbitration
18 agreement in what Champion asserts is an implied contract between Amazon and
19 Champion, the exemption set forth in § 1 was inapplicable, as Amazon is not engaged in
20 the transportation industry. With regard to such finding, a difference of opinion exists.
21 See Rittman v. Amazon.com, Inc., 2019 WL 177725, at *1, *4 (W.D. Wash. April 23,
22 2019) (finding, in case involving arbitration provision in written contract of employment
23 between Amazon and plaintiff therein, § 1 exemption applicable). Based on the record
24 presented here, the Court did not agree with another district court's characterization of
25 Amazon as "akin to UPS and FedEx," see id., 2019 WL 177725, at *3, but rather, found
26 Amazon is primarily engaged in the sale of merchandise, both its own products and, in
27 some instances, those of others, and, in connection therewith, provides efficient delivery
28 as a service to customers. In essence, the Court found Amazon is more closely akin to

1  an online version of Walmart than an online version of Federal Express.

2  Lastly, as one court has noted, although an appeal may "take more time and effort
3  than arbitration . . .[,] an appeal will still conclude more quickly than requiring arbitration
4  to run its course before the appeal begins."  See Lee v. Postmates Inc., 2019 WL
5  1864442, at *4 (N.D. Cal. April 25, 2019).

6  Accordingly, the Court having found each factor set forth in § 1292(b) is met,
7  Champion's motion is hereby GRANTED, and, by separate order filed concurrently
8  herewith, the Court's order compelling arbitration has been amended to reflect such
9  finding.

10  **IT IS SO ORDERED.**

12  Dated: September 12, 2019

   MAXINE M. CHESNEY
   United States District Judge